Shearer, J.
In many states of the Union the garnishee is made a party to an attachment action, and a final judgment, in such cases, may be rendered against him.
But this is not so in Ohio. In this state the garnishee is in no sense a party to such suit, nor is an order made requiring him to pay money into court a final judgment or order which can be reviewed on error.
So in this case, the bank was not a party to the action before the magistrate. It had no day in court. It was not concluded by the order of the justice to pay in the money. The order was not an adjudication between the plaintiff in attachment and the garnishee. Their rights wei’e not determined thereby, and the remedy of the garnishee was not by proceedings in error to reverse the order; but, if it considered itself aggrieved, it should have refused to comply with the order, and had its rights adjudicated in a civil action at the suit of the plaintiff in attachment. Revised Statutes, sec. 5551. The final judgment in such action would, of course, be reviewable on error. *141 These views are sustained by Secor v. Witter, 39 Ohio St. 218.
J. J. Grosbie, for plaintiff in error.
F. F. D. Albert/, for defendant in error.
It follows.that the court of common pleas had no jurisdiction of the proceding in error, and should have sustained the motion to dismiss it; and for that reason the judgment will be reversed, the motion sustained, and the petition in error in the court below dismissed. The costs of this proceeding will be adjudged agaist the defendant in error, and the cause remanded.